UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY BUSH,

        Petitioner,                  Case Number: 2:16-CV-12542
                                         HON. GEORGE CARAM STEEH

        v.

CATHERINE S. BAUMAN,

        Respondent.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Henry Bush has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for possession with intent to deliver between 50 and 450 grams of cocaine. Petitioner, who is presently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, seeks habeas relief on the ground that he received ineffective assistance of counsel. For the reasons set forth, the Court denies the petition.

## I. Background

Petitioner was charged in Wayne County Circuit Court with possession with intent to deliver 50 to 450 grams of cocaine and being a

-1-

fourth habitual offender. On May 2, 2014, Petitioner pleaded guilty to the drug charge in exchange for dismissal of the habitual offender notice and with a sentence agreement of 7 to 20 years. The sentence agreement also provided that the prosecutor would consider a request that Petitioner should be sentenced to 5 to 20 years based upon Petitioner's cooperation between the plea and sentencing.

At sentencing, Petitioner moved to withdraw his plea because the prosecutor declined to recommend a sentence of 5 to 20 years, having determined Petitioner's cooperation insufficient to warrant a downward adjustment. The trial court held that Petitioner knew at the time he entered the plea that he was not guaranteed a sentence of 5 to 20 years and that the assessment of Petitioner's degree of cooperation was entirely within the prosecutor's discretion. Petitioner was sentenced in accordance with the plea agreement to 7 to 20 years imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising two claims for relief: (i) the trial court erred in denying motion to withdraw plea; and (ii) trial counsel was ineffective in failing to investigate Petitioner's degree of cooperation with police. The Michigan Court of Appeals denied leave to appeal for "lack of merit in the

grounds presented." *People v. Bush*, No. 324935 (Mich. Ct. app. Feb. 4, 2015). The Michigan Supreme Court also denied leave to appeal. *People v. Bush*, 498 Mich. 873 (Mich. 2015).

Petitioner then filed the pending habeas corpus petition. He raises this claim:

> Bush was denied the effective assistance of counsel when his counsel did not have all the facts necessary to argue for a reduced sentence at his sentencing.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* at 102. Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court."  *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent.  *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)) (Stevens, J., concurring)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state

court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

Petitioner seeks habeas corpus relief on the ground that his attorney provided ineffective assistance in relation to a possible sentence reduction. Petitioner argues that he presented information to police related to drug dealers and deals in exchange for which Petitioner was supposed to received a two-year sentence reduction. He argues that because counsel was not present during a meeting when Petitioner provided useful information to police and because counsel failed to ascertain Petitioner's level of cooperation, counsel could not effectively argue that Petitioner was entitled to the sentence reduction.

The AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, __ U.S. __, 134 S. Ct. 10, 16 (2013).  The standard for obtaining relief is "'difficult to meet.'" *White v. Woodall*, __ U.S. __, 134 S. Ct. 1697, 1702 (2014), *quoting Metrish v. Lancaster*, 569 U.S. __, __, 133 S. Ct. 1781, 1786 (2013).  In the context of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted).  "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  The defendant must show "that counsel

made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Petitioner raised this claim on direct review.  The Michigan Court of Appeals denied this claim "for lack of merit in the grounds presented." 2/4/15 Order, ECF No. 8-4.  The Michigan Court of Appeals' summary denial of Petitioner's claim, despite its brevity, is entitled to deference under § 2254(d).  Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]. *Harrington*, 562 U.S. at 102.  Accordingly, the question here is whether any reasonable argument consistent with established Supreme Court law could support the state court decision summarily rejecting Petitioner's claim.

The trial court denied Petitioner's motion to withdraw his plea because the trial court found no promise of a sentence reduction.  The trial court held that, instead, Petitioner was aware there was only the *possibility* of a sentence reduction.  The parties clearly differed in their perceptions of Petitioner's cooperation.  But Petitioner's allegations of his own attorney's ineffectiveness in this regard are conclusory.  First, Petitioner knew the degree of his own cooperation.  He could have informed his attorney about

the specifics of his cooperation without need for counsel to conduct an investigation. Second, Petitioner fails to make any offer of proof as to what information counsel could have discovered had he conducted an investigation. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003). Petitioner's conclusory arguments that counsel was ineffective are insufficient to hurdle AEDPA's doubly deferential standard of review. Petitioner is not entitled to relief.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

The petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

Dated: November 16, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 16, 2017, by electronic and/or ordinary mail and also on Henry S. Bush #333830, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk

---